[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON MOTION FOR REMAND
This is the plaintiff's motion to remand to the Department of Social Services ("DSS") pursuant to General Statutes § 4-183 (h).
The plaintiff's application was denied for Title XIX benefits and a fair hearing was sought. At the hearing plaintiff's regular attorney, Gerald Farrell, Sr., did not attend because of other business commitments; Farrell's son attended in his place.
A major issue at the hearing was whether a denial of benefits was appropriate where DSS had allegedly not received the documentation it had requested. Attorney Farrell, Jr. did have the materials with him, but as these were received on the hearing date by subpoena, he had no time to review the material. It was not introduced into evidence.
The hearing officer concluded that there had been no request for an extension with DSS and the denial was proper. CT Page 212
On appeal to this court the plaintiff seeks a remand to allow Attorney Farrell, Sr. to testify at a renewed hearing at DSS and to introduce the financial documents into the record.
General Statutes § 4-183 (h) allows a remand to the agency for additional evidence where both a good reason is shown and the evidence is material. Salmon v. Dept. of Public Health Addiction Services,58 Conn. App. 642, 664, cert. granted on other grounds, 254 Conn. 926
(2000).
Here, had Attorney Farrell, Sr. been present, his testimony would have assisted the hearing officer to resolve the reason that the documents were not furnished until the hearing and whether any extensions had been given orally by DSS. His presence might well have led to the introduction of the documents into evidence or at least a short continuance to do so. No reason, other than the pressures of office practice, has been given for Attorney Farrell, Sr.'s failure to appear on the hearing date. Thus, good cause has not been shown, either for Farrell Sr.'s testimony or for a renewed hearing with the documents introduced.
A case directly on point is Thompson v. State, Superior Court, judicial district of Ansonia/Milford, Docket No. 063996 (June 6, 1999, Curran, J.). There, the court refused to supplement the record or remand to the agency to supplement the record to add an appraisal to the record in a DSS appeal. No good reason had been shown by the plaintiff for the failure of the plaintiff to introduce the appraisal at the fair hearing.
The court concludes here, as in Thompson v. State, supra, Superior Court, Docket No. 063996, that the motion to remand to supplement the evidence of record does not present a sufficient reason for the remand.
Since a good reason has not been shown, the motion is denied.
Henry S. Cohn, Judge. CT Page 213